IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01007-GPG

DERRICK TAYLOR,

     Applicant,

v.

CMI COLUMBINE DIRECTOR MELISSA TORRES,
A.H.O. DURAN,
CDOC WARDEN ZUPAN, and
CYNTHIA COFFMAN, Attorney General of the State of Colorado,

     Respondents.

---

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Derrick Taylor, is a prisoner in the custody of the Colorado Department of Corrections.  Mr. Taylor has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1).  He challenges the validity of a prison disciplinary conviction that resulted in his termination from community corrections and return to prison.

The court must construe the application liberally because Mr. Taylor is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Mr. Taylor will be ordered to file an amended application if he wishes to pursue any federal constitutional claims in this action.

The application is deficient.  First, the law is well-established that the only proper

respondent to a habeas corpus action is the applicant's custodian.  *See* 28 U.S.C. §

2242; Rules 2(a), Rules Governing Section 2254 Cases in the United States District

Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995).  Mr. Taylor alleges that

he currently is incarcerated at the Colorado Territorial Correctional Facility.  Therefore,

the proper Respondent is his custodian at that facility.

The application also is deficient because Mr. Taylor appears to have used the

wrong form.  As noted above, Mr. Taylor is challenging the validity of a disciplinary

conviction and its effect on the execution of his sentence.  He is not challenging the

validity of his criminal conviction or sentence.  Therefore, his claims properly are

asserted in a habeas corpus action pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C.

§ 2254.  *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

Finally, the application is deficient because Mr. Taylor fails to provide specific

factual allegations in support of his claims that demonstrate his constitutional rights

have been violated and that he is entitled to habeas corpus relief.  Mr. Taylor asserts

three claims for relief but only one of his claims is identified as a constitutional claim.

Although the court must construe the application liberally, "the court cannot take on the

responsibility of serving as the litigant's attorney in constructing arguments and

searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840

(10th Cir. 2005).

Habeas corpus relief is warranted only if Mr. Taylor "is in custody in violation of

the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the

United States District Courts, which apply even if the due process claim properly is

asserted pursuant to § 2241, Mr. Taylor must provide specific factual allegations in support of the claims he is asserting.  These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243).  Naked allegations of constitutional violations are not cognizable in a habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Taylor file an amended application on the proper form that names a proper Respondent and that clarifies the federal constitutional claims he is asserting in this action.  It is

FURTHER ORDERED that Mr. Taylor shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Taylor fails within the time allowed to file an amended application as directed, the action will be dismissed without further notice.

DATED May 14, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____

United States Magistrate Judge

3