IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01007-GPG

DERRICK TAYLOR,

    Applicant,

v.

DAVID ZUPAN,

    Respondent.

---

ORDER OF DISMISSAL

---

Applicant, Derrick Taylor, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Taylor has filed *pro se* an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 6) claiming his constitutional rights were violated in connection with a disciplinary conviction that resulted in his termination from community corrections and return to prison. As relief Mr. Taylor seeks immediate release.

On May 28, 2015, Magistrate Judge Gordon P. Gallagher ordered Respondent to file a preliminary response to the amended application limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state remedies if Respondent intends to raise either or both of those defenses in this action. On June 26, 2015, Respondent filed a Preliminary Response to Application for Writ of Habeas Corpus (ECF No. 15) arguing that this action should be dismissed for failure to exhaust state remedies. On July 13, 2015, Mr. Taylor filed Applicant's Reply to Preliminary Response (ECF No. 18).

The Court must construe the amended application and other papers filed by Mr. Taylor liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action for failure to exhaust state court remedies.

Mr. Taylor was found guilty of the reduced charge of Failure to Remain or Return, a violation of the Code of Penal Discipline, following a disciplinary hearing on August 26, 2014.  (*See* ECF No. 1 at 13-14.)  Mr. Taylor filed an administrative appeal and the disciplinary conviction was upheld.  (*See id.* at 16.)  On October 31, 2014, Mr. Taylor challenged the disciplinary conviction in the Denver District Court by filing a complaint pursuant to Rule 106 of the Colorado Rules of Civil Procedure.  (*See* ECF No. 15-1.) The relevant case number for the Denver District Court action is 14CV605.  In an order filed on June 10, 2015, the Denver District Court denied Mr. Taylor's motion for final judgment in 14CV605 because service of process, which was ordered on May 18, 2015, was taking place at that time.  (*See* ECF No. 15-5.)

Mr. Taylor also has initiated three proceedings in Colorado appellate courts that are relevant to the issue of exhaustion of state remedies.  On May 21, 2015, the Colorado Court of Appeals dismissed an appeal Mr. Taylor filed in 14CV605 because there was no final order from which an appeal could be taken.  (*See* ECF No. 15-2.)  On May 29, 2015, the Colorado Supreme Court denied a Writ of Mandamus that was filed as an original proceeding in that court.  (*See* ECF No. 15-3.)  Finally, Mr. Taylor also has filed in the Colorado Supreme Court an original habeas corpus proceeding that

remains pending.  (*See* ECF No. 15-4.)

As noted above, Respondent argues that Mr. Taylor has not exhausted state court remedies for his constitutional claims challenging the disciplinary conviction. Respondent is correct that Mr. Taylor may not challenge the disciplinary conviction in a habeas corpus action in federal court unless he has exhausted state court remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts."  *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a

federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A blanket statement that state remedies have been exhausted does not satisfy this burden. *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating that a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

Mr. Taylor contends he has exhausted state remedies because he has fairly presented his claims to the state courts. The Court is not persuaded. Even assuming Mr. Taylor has raised in the state court proceedings the same federal constitutional claims he asserts in the amended application in this action, those claims have not been fairly presented to the state's highest court. The civil action Mr. Taylor filed in the Denver District Court, case number 14CV605, does not satisfy the fair presentation requirement because that case remains pending and the Denver District Court is not the state's highest court. Although Mr. Taylor asserts that the Denver District Court improperly delayed ordering service of his complaint in case number 14CV605 for a number of months, the Court is not persuaded that the delay he has experienced in case number 14CV605, which has been pending for approximately nine months, rises to the level of inexcusable or inordinate delay necessary to excuse his failure to exhaust state remedies. *See Harris v. Champion*, 15 F.3d 1538, 1556 (10th Cir. 1994) (finding in the context of a direct criminal appeal that exhaustion requirement presumptively should be excused when the direct appeal has been pending for two years without resolution).

Mr. Taylor's state court appellate filings also do not demonstrate he has

exhausted the available state court remedies. His appeal to the Colorado Court of Appeals in case number 14CV605 does not satisfy the fair presentation requirement because the appeal was premature.

Mr. Taylor's original proceedings in the Colorado Supreme Court also do not demonstrate his claims are exhausted. If a "claim has been presented [to the state's highest court] for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille*, 489 U.S. at 351; *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation). The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. *See* Colo App. R. 21; *see also Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946). Furthermore, relief under Rule 21 "shall be granted only when no other adequate remedy, including relief available by appeal or under C.R.C.P. 106, is available." C.A.R. 21(a)(1). As a result, the denial of an original petition for an extraordinary writ by the Colorado Supreme Court does not indicate that the court has considered the merits of the argument. *See Bell v. Simpson*, 918 P.2d 1123, 1125 n.3 (Colo. 1996). Because "[p]etitions to the Supreme Court in the nature of mandamus [and] habeas corpus . . . are subject" to this rule, *see* C.A.R. 21(a)(2), the Court finds that Mr. Taylor's claims have not been fairly presented to the Colorado Supreme Court in the original proceedings.

For these reasons, the action will be dismissed for failure to exhaust state

remedies.  Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) and the amended habeas corpus application (ECF No. 6) are denied and the action is dismissed without prejudice for failure to exhaust state court remedies.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   21st   day of     July        , 2015.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court